IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
U.S. District Court
District of Kansas

07/21/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

| | |
|---|---|
| MIRZA R UDDIN, | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 26-3162-JWL |
| | ) |
| MATHEW PUTER, ICE Field Office Director; | ) |
| TODD LYONS, ICE Acting Director; | ) |
| MARKWAYNE MULLIN, DHS Secretary; | ) |
| MARCOS CHARLES, EOIR Director; | ) |
| UNITED STATES ATTORNEY GENERAL; | ) |
| JACOB WELSH, Warden, | ) |
|     Chase County Detention Center; and | ) |
| JIM ARNOTT, Warden, | ) |
|     Greene County Detention Center, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

On September 15, 2025, petitioner was detained by immigration officials, and removal proceedings were initiated. On March 31, 2026, an immigration judge (IJ) sustained the charge of removability, and in a lengthy opinion, rejected petitioner's claim that he is in fact a citizen born in the United States. On April 15, 2026, the IJ ordered petitioner's removal after petitioner failed to file any application for relief. On May 13, 2026, petitioner appealed the removal order to the Board of Immigration Appeals (BIA), and that appeal remains pending. On April 14, 2026, petitioner filed the instant habeas

petition in federal court in Missouri, and the case was transferred to this Court on June 1, 2026. The Court ordered briefing, respondents have filed an answer to the petition, and petitioner has filed a traverse; the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner appears to assert five claims in his petition. First, petitioner claims that he was arrested pursuant to an invalid field warrant, and he cites the case of *Castanon Nava v. Department of Homeland Security*, 806 F. Supp. 3d 823 (N.D. Ill. 2025), in which the court found that immigration officials had violated a class action settlement agreement by arresting aliens under a particular type of warrant (I-200 warrant) without issuing a Notice to Appear (NTA) with the removability charges. *See id.* Petitioner has not established, however, that he was arrested pursuant to an invalid warrant (he has not provided a copy of any warrant). Moreover, respondents have provided evidence that petitioner was not arrested with a field warrant and that he was issued an NTA at the time of his detention. Petitioner has not disputed that evidence of an NTA or addressed this claim in his traverse. The Court therefore denies this claim.

Second, although petitioner states in his traverse that he is not seeking review concerning his citizenship status in this Court, he claims in his petition that his detention is unconstitutional because the Government has not shown that he is not a citizen. The

Court denies this claim. Petitioner has claimed in his removal proceedings that he was born in the United States and that he is a citizen, but the IJ, in a lengthy and thorough analysis after an evidentiary hearing, found that petitioner was not a citizen, and that Florida birth certificates that he proffered were fraudulent. As respondents point out, this Court lacks jurisdiction to consider even indirect challenges to a removal order, *see Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1274-75 (10th Cir. 2018), and petitioner's removal order is based on the IJ's decision that petitioner is not a citizen. Thus, the Court lacks jurisdiction to consider any argument that petitioner is a citizen, and the Court therefore denies any claim based on such an argument.

Third, petitioner claims that the Government engaged in misconduct in his removal proceedings. The IJ rejected this claim, finding that petitioner had failed to support the claim with evidence and that documentary evidence contradicted the claim at any rate. Nor has petitioner provided evidence to support such a claim in this Court. Petitioner has not shown that his removal proceedings were constitutionally infirm, and the Court therefore denies this claim.

Fourth, petitioner claims that because of the Government's erroneous position on his citizenship status, his eventual removal is a "logical and practical impossibility," and that his detention therefore does not serve a legitimate purpose. The immigration court has found that petitioner is subject to removal, however, and this Court lacks jurisdiction effectively to review the removal order by releasing petitioner based on a challenge to its merits. The Court denies any such claim that petitioner's detention lacks a proper purpose to effect removal.

Fifth, petitioner claims that he should be released because of his medical needs.  Any such claim concerning the conditions of petitioner's confinement, however, is not properly addressed in a habeas action.  *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).  The Court therefore denies this claim as well.

Finally, in his traverse petitioner appears to assert a claim that he should be released because his detention has exceeded the presumptive-reasonable period of six months established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  That case, however, involved detention under 8 U.S.C. § 1231, which applies after a final order of removal.  *See id.*  Because petitioner has appealed his removal order to the BIA, the order is not yet final, and he therefore remains detained pursuant to 8 U.S.C. § 1226(c), which mandates detention for certain criminal aliens.  Accordingly, the Court denies any claim under *Zadvydas*.  Petitioner also appears in his traverse to claim that his detention under Section 1226(c) has become unconstitutionally prolonged.  The Court concludes, however, that petitioner has not shown that his removal proceedings have been unreasonably prolonged in violation of due process, as he appealed his removal order only two months ago and he has been detained for only 10 months.  *See Morales v. Olson*, 2026 WL 1579790 (D. Kan. June 3, 2026) (Lungstrum, J.) (denying such a claim after considering the relevant factors).  The Court therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

4

IT IS SO ORDERED.

Dated this 21st day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5