FILED
U.S. District Court
District of Kansas
08/19/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIRZA R UDDIN,

Petitioner,

v.

MATHEW PUTER, ICE Field Office Director;
TODD LYONS, ICE Acting Director;
MARKWAYNE MULLIN, DHS Secretary;
MARCOS CHARLES, EOIR Director;
UNITED STATES ATTORNEY GENERAL;
JACOB WELSH, Warden,
Chase County Detention Center; and
JIM ARNOTT, Warden,
Greene County Detention Center,

Respondents.

Case No. 26-3162-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenged his detention by immigration officials. By Memorandum and Order of July 21, 2026, the Court denied the petition. This matter comes again before the Court on petitioner's motion for reconsideration of that denial (Doc. # 17). For the reasons set forth below, the Court **denies** the motion.

The Court construes petitioner's motion for reconsideration as asserted pursuant to Fed. R. Civ. P. 59(e), which provides for a motion to alter or amend a judgment. *See id.* "A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *See ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 922 (10th Cir. 2024) (internal quotations omitted) (quoting *Servants*

*of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012. In making such a motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See id.*

Petitioner has not met this standard, as he advances arguments that he did make or could have made previously. Moreover, petitioner has not shown that the Court clearly erred in denying the petition or that manifest injustice will result if the petition is not granted, as more fully discussed below.

In his first claim, petitioner alleged that he was arrested pursuant to a Form I-200 field arrest warrant without issuance of a Notice to Appear (NTA) and that such arrest was therefore unconstitutional pursuant to the holding of *Castanon Nava v. Department of Homeland Security*, 806 F. Supp. 3d 823 (N.D. Ill. 2025). The Court denied the claim, noting that he had not shown that he was arrested pursuant to an invalid warrant (he did not provide a copy of any warrant) and that he had not disputed respondents' evidence that an NTA was issued on the date of his detention. In his motion, petitioner insists that he was arrested with a Form I-200 administrative warrant, and he has provided a copy of that warrant. He has not shown that his arrest pursuant to that warrant violated federal law, however. Petitioner claims that the warrant and NTA were created after his arrest on the morning of September 15, 2025, but the times that he cites from the documents' headers represent the time those documents were uploaded on the following day, and thus do not

provide evidence that they were actually issued other than in conjunction with his detention. Moreover, the court in *Castanon Nova* merely held that officials lacked authority to arrest collaterals (non-targets) in the field with the administrative warrant; that certain arrests were therefore considered to be warrantless; and that such warrantless arrests violated a class action settlement agreement because they were not supported with sufficient evidence of a flight risk. *See id.* at 847-56. Thus the court did not hold that those arrests using I-200 warrants were unconstitutional; nor did the court hold that all arrests using such warrants are invalid. Petitioner has not shown that the settlement agreement in that case was in force and applied to his arrest; nor has he shown that he was a mere collateral, as it appears from respondents' evidence that he was the target of the arresting officials. Finally, petitioner has not shown that respondents do not presently have authority to detain him, whether or not they lacked such authority at the time of his initial detention. Petitioner has not shown that the Court erred in denying this claim.

In his second, third, and fourth claims, petitioner challenged the immigration court's rejection of his assertions that he is a citizen and that the Government engaged in misconduct before that court. The Court denied those claims, concluding that it lacked jurisdiction to review the basis for the removal order (*i.e.*, the finding that petitioner is not a citizen); that petitioner had not sufficiently supported these claims with evidence; and that petitioner had not shown that his immigration court proceedings were constitutionally infirm. Petitioner insists that he is not asking this Court to review the removal order, but he argues nonetheless that unrebutted evidence at his removal hearing showed his citizenship, that the Government did engage in misconduct, and that those facts make the

removal proceedings unconstitutional. Petitioner could have but failed to address these claims in his traverse. Moreover, for the same reasons cited by the immigration court, petitioner has not persuaded the Court as a factual matter that he is a citizen or that the Government did engage in the alleged misconduct, and thus he has not shown that the removal proceedings were constitutionally infirm.

In his fifth claim, petitioner alleged that he should be released because of his medical needs. The Court denied this claim because, as a general rule, any such claim concerning the conditions of petitioner's confinement is not properly addressed in a habeas action. Although he failed to address this claim at all in his traverse, petitioner now argues that detention when the detainee's medical needs cannot be addressed can amount to a due process violation. Petitioner has not shown, however, that his serious medical needs were not addressed on any particular occasion while he was in detention at his present facility. Therefore, petitioner has not shown that the Court erred in denying this claim.

The Court also denied the claim, raised in petitioner's traverse, that his mandatory detention under 8 U.S.C. § 1226(c) has become unconstitutionally prolonged. In his motion, petitioner repeats his arguments under the relevant factors, but petitioner has not shown that the Court erred in weighing those factors against him.

Finally, in the alternative, petitioner requests a certificate of appealability. The applicable statute, however, does not require a certificate of appealability with respect to the Court's denial of the petition in this case. *Cf.* 28 U.S.C. § 2253(c)(1)(A) (certificate is required for an appeal from the denial of a habeas petition filed by a state court detainee).

Accordingly, the Court need not issue a certificate to allow petitioner to pursue an appeal, and it therefore denies the request.

IT IS THEREFORE ORDERED BY THE COURT THAT the petitioner's motion for reconsideration (Doc. # 17) is hereby **denied**.

IT IS SO ORDERED.

Dated this 19th day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge